UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. KARMOL,

    Plaintiff,

v.                                                       Case No. 1:17-cv-977
                                                       Hon. Ray Kent
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB).

Plaintiff initially alleged a disability onset date of September 1, 2007, which he later amended to December 31, 2012. PageID.48, 182. Plaintiff identified his disabling conditions as chronic knee pain, deteriorating discs in the back, and a torn meniscus. PageID.185. Prior to applying for DIB, plaintiff completed the 12th grade and had past employment as an assembler. PageID.52, 186. An Administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on October 5, 2016. PageID.48-53. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity during the one-day relevant time period, December 31, 2012, which was both the amended onset date and the date last insured. PageID.50. At the second step, the ALJ found that through his date last insured, plaintiff had

3

severe impairments of status-post right knee arthroscopy and gout/arthrodesis. PageID.50. At the third step, the ALJ found that through his date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.51.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl.

PageID.51. The ALJ also found that through the date last insured, plaintiff was capable of performing his past relevant work as an assembler. PageID.52. In making this determination the ALJ found that this work did not require the performance of work-related activities precluded by his residual functional capacity (RFC). PageID.52. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 31, 2012, which was both the amended onset date and that date last insured. PageID.52-53.

### III. DISCUSSION

Plaintiff set forth two issues on appeal.

#### A. The ALJ made an erroneous credibility determination

Defendants point out that the term "credibility" is no longer used by the Commissioner in evaluating claims. Defendant's Brief (ECF No. 14, PageID.438-439). In SSR 16-3p the agency stated:

> [W]e are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character.

SSR 16-3p, 2016 WL 1119029 at *1-2 (eff. March 16, 2016).[1] Under this policy, "[a]djudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments," and "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id*. at *10.

While SSR 16-3p eliminated the use of the term "credibility," the regulatory analysis remains the same. As this Court observed,

> The new policy ruling did not and could not change the underlying regulations. The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007) ). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 at *6 (W.D. Mich. Aug. 9, 2018), R&R adopted 2018 WL 4334623.

It is well established that evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). While the term "credibility" is no longer used, this Court must still give deference to the ALJ's evaluation of the symptoms under the regulations, and may not disturb that ALJ's evaluation "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001), "[A]side from this linguistic clarification, the analysis under SSR 16-3p otherwise

---

[1] The Court notes that SSR 16-3p was in effect when the ALJ issued plaintiff's decision on October 5, 2016.

is identical to that performed under SSR 96-7p." *Scobey v. Commissioner of Social Security*, No. 1:17-cv-987, 2018 WL 4658816 at *11 (W.D. Mich. Sept. 28, 2018) (internal quotation marks and brackets omitted).

Here, the ALJ reviewed the limited medical record to determine plaintiff's condition as it existed back on December 31, 2012. PageID.51-52. Based on those records, the ALJ concluded that plaintiff did not suffer from a disabling condition at that time, stating in pertinent part:

> I acknowledge the claimant's history of right knee issues and gout before his alleged onset date and date last insured, but the limited medical record does not support the degree of dysfunction alleged. The claimant recovered nicely from his right knee arthroscopy [in June of 2008], performs personal care tasks, completes light household chores, drives a motor vehicle, and grocery shops in stores. At the hearing, the claimant testified to problems lifting more than 10 pounds due to back pain, but the medical record contains no radiology imaging of his spine. He reported problems understanding and forgetting things, but this is not supported within the medical record.
>
> As for the opinion evidence, the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or has physical limitations greater than determined in the residual functional capacity above before his date last insured. Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor.
>
> In summary, after careful consideration of the entire record, giving reasonable credit to claimant's testimony and the findings of his treating and examining physicians, I conclude that neither the objective evidence of record, nor claimant's own statements and activities support the conclusion that he cannot perform any substantially gainful activity.

PageID.52.

The Court finds no compelling reason to disturb the ALJ's determination that there was no medically determinable physical impairment that could reasonably be expected to produce

the plaintiff's allegation that he was totally disabled on December 31, 2012. Accordingly, this claim is denied.

### B. The ALJ erred by failing to find the plaintiff's carpal tunnel syndrome as a severe impairment.

Plaintiff contends that he suffered from carpal tunnel syndrome, that the ALJ erred by failing to identify it as a severe impairment, and that the ALJ's decision is not supported by substantial evidence because he failed to include this impairment in the residual functional capacity (RFC) determination.

As an initial matter, plaintiff's disability claim did not involve an alleged impairment of carpal tunnel syndrome. During the administrative hearing, plaintiff made a fleeting reference to a workmen's compensation claim for carpal tunnel syndrome in 2001 (about 10 years prior to his amended disability onset date). Plaintiff's counsel did not address this claim. Rather, counsel focused the ALJ's attention to plaintiff's knee, foot, and back impairments:

> Q  Sir, in regards to your ability to stand for long periods of time back in the end of 2012, would you have been able to tolerate being on your feet for a full eight hour day?
>
> A  No.
>
> Q  Why not?
>
> A  Because my left foot and the knee give me trouble.
>
> Q  Anything else you want to add or tell the judge that we haven't covered so far today?
>
> A.  No.

PageID.72.

Neither plaintiff nor his counsel raised carpal tunnel syndrome as an impairment during the administrative proceedings. Based on this record, plaintiff waived his claim that the

7

ALJ failed to address carpal tunnel syndrome as a disabling impairment. "It is axiomatic that a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal." *Maloney v. Commissioner of Social Security*, 480 Fed. Appx. 804, 810 (6th Cir. 2012). *See Glenn v. Secretary of Health & Human Services*, 814 F.2d 387, 391 (7th Cir.1987) ("When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits.").

In addition, the ALJ did not commit error by failing to classify carpal tunnel syndrome as a severe impairment. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id*. "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). *See Hedges v. Commissioner of Social Security*, 725 Fed. Appx. 394, 395 (6th Cir. 2018) (failure to find impairments "not severe" at step two is legally irrelevant, because the ALJ must consider the limiting effects of all impairments, including those that are "not severe" at step four).

Here, the ALJ identified severe impairments of status-post right knee arthroscopy and gout/arthrodesis. PageID.50. The ALJ considered all of plaintiff's impairments at step four,

8

including plaintiff's problem lifting more than 10 pounds. Notably, plaintiff attributed his inability to lift more than ten pounds to an old shoulder injury:

> Q      And why couldn't you pick up ten pounds?
>
> A      Because there's a problem, and I'm sorry I didn't tell about this but, I had a shoulder injury back in (INAUDIBLE) probably back in about, I want to say it was '99 or so. And there was a restriction. I know General Motors wouldn't give out that information because it's, was all done through their company. They put a restriction on any lifting or that [sic] with my right shoulder.

PageID.66. Based on this record, the ALJ's failure to identify carpal tunnel syndrome as a severe impairment at step two is legally irrelevant. *See Anthony*, 266 Fed. Appx. at 457.

Finally, plaintiff contends that the decision is not supported by substantial evidence because the ALJ failed to address his alleged limitations caused by carpal tunnel syndrome. Plaintiff's contention is without merit. Plaintiff did not attribute any limitations to carpal tunnel syndrome. There is no medical evidence to support plaintiff's claim that he suffered from a disabling impairment of carpal tunnel syndrome during the relevant time period of December 31, 2012. In his brief, plaintiff points to a medical report from February 27, 2001 which stated that he had symptoms of right carpal tunnel for the past couple of months, that an EMG "shows severe right carpal tunnel," and that plaintiff wants to proceed with a right carpal tunnel release. PageID.243. Plaintiff underwent release surgery on March 28, 2001. PageID.297. On May 17, 2001, the doctor noted that plaintiff has "done well" with the release, is happy with the result, and is "going back to work Monday." PageID.292. Plaintiff worked for about six years after the surgery and makes no reference to treatment for carpal tunnel syndrome after his retirement from General Motors in September 2007. PageID.63. For all of these reasons, plaintiff's claims of error are denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: March 26, 2019							/s/ Ray Kent
											United States Magistrate Judge